IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SHIPOIL LIMITED, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. |
| | : | |
| M/V MARIT SELMER, IMO No. 9609706, her engines, freights, apparel, appurtenances, tackle, etc., *in rem*, | : : : | |
| | : | |
| Defendant. | : | |

**VERIFIED COMPLAINT**

COMES NOW, Plaintiff, Shipoil Limited (hereinafter "Shipoil" or "Plaintiff"), by and through undersigned counsel, and files this Verified Complaint against the Defendant M/V MARIT SELMER, IMO No. 9609706, her engines, freights, apparel, appurtenances, tackle etc. *in rem* (hereinafter the "M/V MARIT SELMER" or "Vessel"), alleges and pleads as follows:

**I. JURISDICTION, VENUE AND PARTIES**

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This case falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333, and §31341 of the Commercial Instruments and Maritime Lien Act, 46 U.S.C. §§ 31301-31343, and is brought under the provisions of Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims (hereinafter "Rule C").

2. Jurisdiction is founded on the presence within the District of the M/V MARIT SELMER, which may be arrested to enforce a maritime lien in accordance with the provisions of Rule C, as pled in Sections II & III below.

3. Plaintiff, Shipoil, was and is a foreign corporation engaged in the business of

providing maritime necessaries to ships, namely bunkers and has its registered office address at 79 Lei Muk Road 22/F, Unit 7, Asia Trade Centre, Kwai Chung, New Territories, Hong Kong.

4. Defendant M/V MARIT SELMER (*ex* LANCASTER STRAIT) was and is an ocean going cargo vessel, registered in the Hong Kong Shipping Register, with IMO number 9609706, a call sign of 5LAE4 and, is now, or will be during the pendency of this action, within the District of Delaware, and subject to the jurisdiction and venue of this Honorable Court. Upon information and belief, the Vessel's registered owner is Marit Selmer LLC and the Vessel's name was changed from LANCASTER STRAIT to MARIT SELMER on or about April 1, 2023.

## II. THE SUBSTANTIVE CLAIMS

5. Shipoil brings this action to recover amounts due and owing to it by Defendant arising from the supply of bunkers to the Defendant M/V MARIT SELMER, pursuant to a maritime contract.

6. On or about October 15, 2022, AUM Scrap and Metals Waste Trading LLC of Dubai ("AUM"), the charterer of the Vessel at the time, engaged Shipoil for a bunker supply delivery of 200 MT of VLSFO 0.5% RMG 380 ( ISO 8217:2010 SPEC ) to the Vessel at the Port of Curacao. *A copy of the Bunker Confirmation is attached hereto as **Exhibit 1***.

7. This Bunker Confirmation provided that the payment for the supply of the bunkers is due within thirty (30) days from the date of delivery. *Id*.

8. The bunker supply contract incorporated Shipoil's General Terms and Conditions (hereinafter "Terms and Condition"), which have been in effect since 2019. *A copy of the Terms and Conditions is attached hereto as **Exhibit 2***.

9. The bunker agreement was for the account of "Buyers", listed as follows: "Master and Owners and/or Managing Owners and/or Operators and/or Charterers and/or Buyers of

LANCASTER STRAIT and AUM Scrap and Metals Waste Trading LLC." *See* **Exhibit 1.**

    10.    Clause 19 of the Terms and Conditions governing the bunker supply contracts include a U.S. law and jurisdiction clause and state in relevant part: :

"These General Terms and each Agreement shall be governed by the General Maritime Law of the United States and, in the event that the General Maritime Law of the United States is silent on the disputed issue, the law of the State of New York. The General Maritime Law of the United States shall apply with respect to the existence of a maritime lien, regardless of the country in which Seller takes legal action. Any disputes and claims whatsoever (whether concerning quality or quantity or payment and collection or otherwise howsoever) may be resolved, at Seller's option, in such jurisdiction as the Seller sees fit for the purpose(s) of, among others, securing any payment due to it or proceeding in the main or other proceedings in order to enforce and/or collect any claim. The Buyer agrees and acknowledges that the nature of the Agreement and of the respective business is such, to the effect that the foregoing which are set for the benefit of the Supplier, are absolutely reasonable and fully acceptable by the Buyer. . ."

*See* **Exhibit 2**, Clause 19(A).

    11.    In accordance with the bunker supply contract, Shipoil timely delivered the bunker fuel (200 mt) to the Vessel at the Port of Curacao on October 17, 2022, as recorded in the bunker delivery note. *A copy of the Bunker Delivery Note is attached hereto as* **Exhibit 3.**

    12.    This Bunker Delivery Note bears the signature of the Vessel's Chief Engineer and the seal of the Vessel. *Id*.

13. By signing the Bunker Delivery Note, the Chief Engineer acted on behalf of the Vessel and her owner and/or operator and/or charterers to procure bunkers and accepted them for the Vessel. *Id.*

14. On October 17, 2022, Shipoil submitted its invoice numbered "INC00010451" for the delivery of the bunkers under the bunker supply contract in the amount of USD 213,000.00. *A copy of this Invoice is attached hereto as **Exhibit 4***.

15. No payment for the bunkers delivered to the Vessel under the bunker supply contract has ever been made to Shipoil.

16. The said bunkers delivered to the Vessel were necessary to the accomplishment of her mission; *to wit*: trade worldwide as a commercial ship.

17. AUM by virtue of its role as charterer was authorized to order necessaries for the account and on the credit of the Vessel.

18. The Vessel received the benefit of the services provided by the Plaintiff and is indebted to the Plaintiff, and is obligated to pay for the aforementioned goods and services.

19. On or about August 14, 2023, notice of the outstanding amount due and owing was provided to the Vessel's Owners via email. Despite said notice, the invoice for the bunkers supplied remains unpaid. *A copy of the correspondence is attached hereto as **Exhibit 5***.

20. Payment of all sums has been duly demanded by Plaintiff from the Vessel and her Owners and/or Charterers, however, to date, Defendant has failed, neglected, and/or refused to pay the outstanding aggregate sum of **USD 213,000.00**, plus costs, fees, and interest, which are indisputably due and owing for the bunkers.

### III. ALLEGATIONS IN SUPPORT OF RULE C ARREST

21. Plaintiff repeats and re-alleges paragraphs 1-20 in the above and foregoing Verified Complaint, and for its further and additional admiralty *in rem* claims against Defendant, alleges and pleads as follows:

22. Under Clause 19 of the Terms and Conditions governing the aforesaid contract for the sale of bunkers to the Vessel, the laws of the United States apply to the maritime contract. *See* **Exhibit 2**. Accordingly, Plaintiff may and does now seek enforcement of a maritime lien for the supply of necessaries, *i.e.* bunker fuel, under the provisions of 46 U.S.C. §§ 31341 *et seq.*

23. Plaintiff has performed all conditions precedent to warrant full and complete payment for the necessaries.

24. As a result of the failure to pay the amounts owed to Plaintiff for the bunkers supplied to the Vessel, under the terms of the Bunker Nomination and the Terms and Conditions, Plaintiff's claim for the total principal amount of **USD 213,000.00**, attached as a maritime lien on the Vessel in favor of Plaintiff and is enforceable under the provision of 46 U.S.C. § 31341 *et seq.* with suit *in rem.*

25. Upon information and belief, the Vessel appears to have been transferred, or sold via private contract in early 2023. Notwithstanding, the lien travels with the Vessel and remains enforceable against the Vessel *in rem. See e.g., Liverpool and London S.S. Protection and Indem. Ass'n Ltd. v. QUEEN OF LEMAN MV*, 296 F.3d 350 (5th Cir. 2002) (lien on vessel attached to ship and bound subsequent owners; purchaser was bound by terms of contract giving rise to lien, even though purchaser had no knowledge of lien); *Equilease Corp. v. M/V Sampson*, 793 F.2d 598, 602 (5th Cir. 1986).

26. Plaintiff also seeks its applicable costs, fees, and interest in this matter. It is common in Rule C arrest cases for the security to be set at one and a half (1.5) times of the fairly

stated claim, and therefore Plaintiff seeks an Order of Arrest in the amount of **USD 319,500.00**. *See* Supplemental Rule E (5) (permitting substitute security up to twice the amount of Plaintiff's fairly stated claim to cover interest, costs, and fees, etc.).

27. Accordingly, Plaintiff seeks to enforce its maritime lien, pursuant to Rule C of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays as follows:

A. That process in due form of law, according to the practice of this Honorable Court in cases of admiralty and maritime jurisdiction issue against Defendant M/V MARIT SELMER her engines, freights, apparel, appurtenances, tackle etc. *in rem,* including the issuance of a warrant for the arrest of the M/V MARIT SELMER, and that the said vessel be seized by the U.S. Marshal to be held as security against any judgment to be entered herein;

B. That judgment be entered in favor of Plaintiff and against the Defendant M/V MARIT SELMER *in rem*, for the amount pled herein as well as for interest, costs, attorney fees, and disbursements for this action;

C. That the M/V MARIT SELMER, her engines, freights, apparel, appurtenances, tackle etc. *in rem*, after her arrest be condemned and sold, free and clear of all liens and encumbrances, to satisfy the judgment, and that the Court award Plaintiff out of the proceeds of the said sale, the full amount of its claim, together with interest, costs and attorney's fees;

D. That the Court grant Plaintiff such other and further relief as may be just, equitable, and proper.

|  |  |
|---|---|
|  | HEYMAN ENERIO<br>GATTUSO & HIRZEL LLP<br><br>*/s/ Denise Seastone Kraft*<br>Denise Seastone Kraft (# 2778) |
| OF COUNSEL: | 300 Delaware Ave., Suite 200<br>Wilmington DE, 19801 |
| CHALOS & CO, P.C.<br>George M. Chalos (GC-8693)<br>Briton P. Sparkman (BS-5220)<br>55 Hamilton Avenue<br>Oyster Bay, NY 11771<br>gmc@chaloslaw.com<br>bsparkman@chaloslaw.com | 302-472-7306<br>dkraft@hegh.law |

Dated:  November 28, 2023